JENNIFER S. SMITH
LAW OFFICES OF JENNIFER SMITH PLLC
165 Broadway, 23rd Floor
New York, New York 10006
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| United Plant and Production Workers Local 175 Pension Fund by James Kilkenny in his capacity as Trustee,<br><br>Plaintiff,<br><br>-against-<br><br>J. Pizzirusso Landscaping Corp.,<br><br>Defendant. | **COMPLAINT** |

Plaintiff United Plant and Production Workers Local 175 Pension Fund, by its trustee James Kilkenny in his fiduciary capacity as trustee (the "Fund"), and by its attorney Law Offices of Jennifer Smith PLLC, as and for its Complaint in this action alleges as follows:

## NATURE OF ACTION

1. This ERISA action is filed by a multiemployer pension plan to collect interim withdrawal liability payments from an employer who partially withdrew from the plan.

2. The plan also seeks to stay an employer-initiated arbitration challenging the withdrawal liability assessment, because the arbitration demand was filed after the statutory deadline for initiating arbitration had passed and is both defective and time-barred.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1451, Employee Retirement Income Security Act ("ERISA") Section 4301, 28 U.S.C. § 1331, 29 U.S.C. 1132(e),(f), ERISA s. 502(e)(f), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

4. Venue is proper in this district because, upon information and belief, the defendant does business and has a principal place of business within this district, in the County of Kings.  29 U.S.C. § 1132(e)(2), ERISA s. 502(e)(2); 29 U.S.C. § 1451, ERISA s. 4301.

5. Venue is also proper in this district because the Fund is administered in this district.  29 U.S.C. § 1132(e)(2), ERISA s. 502(e)(2); 29 U.S.C. § 1451, ERISA s. 4301.

## PARTIES

6. The United Plant and Production Workers Local 175 Pension Fund is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3), ERISA s. 3(3), and is a multi-employer plan within the meaning of 29 U.S.C. § 1002(37), ERISA s. 3(37) and 29 U.S.C. § 1301(a)(3), ERISA s. 4001(a)(3).

7. The fund was established pursuant to the terms of various collective bargaining and assumption agreements between Construction Council 175, Utility Workers of America, AFL-CIO (the "Union"), which is a labor organization representing employees in an industry affecting commerce, and various employers and/or employer associations.

8. The fund provides pension benefits to covered employees, retirees, and their dependents and beneficiaries.

9. The fund maintains its office and is administered at 99 Mineola Avenue, Roslyn Heights, New York 11577 in Nassau County.

10. Plaintiff James Kilkenny, as a fund trustee, is a fiduciary within the meaning of 29 U.S.C. § 1002(21), ERISA s 3(21), and brings this action in his fiduciary capacity. 29 U.S.C. § 1132(a)(3), ERISA s. 502(a)(3); 29 U.S.C. § 1451(a)(1), ERISA s. 4301(a)(1).

11. Upon information and belief, Defendant J. Pizzirusso Landscaping Corp. ("Employer") is a for-profit New York corporation doing business as an employer within the meaning of 29 U.S.C. § 1002(5), ERISA s. 3(5).

12. Upon information and belief, the Employer maintains a principal place of business at 2269 East 69th Street, Brooklyn, New York 11234 in Kings County.

## STATEMENT OF FACTS

**Employer has partially withdrawn from the Fund**

13. At all relevant times, the Employer was bound by a series of collective bargaining agreements ("CBAs") with the Union, which required the Employer to contribute to the Fund in an amount based on the number of hours worked by employees who performed work that was covered by the CBAs (the "Bargaining Unit").

14. On or about October 1, 2017, the Employer's employees in the Bargaining Unit ceased to be represented by the Union.

15. Since changing collective bargaining representatives in October 2017, the Employer has ceased to have any obligation to make contributions to the Fund for

employees in the Bargaining Unit, and has in fact ceased making contributions for employees in the Bargaining Unit, thereby effecting a "partial withdrawal." 29 U.S.C. § 1385, ERISA s. 4205.

**Employer has waived all defenses by failing to timely initiate arbitration**

16. By letter dated November 15, 2019 (the "Notice"), pursuant to 29 U.S.C. § 1399(b), ERISA s 4219(b), and 29 U.S.C. § 1382, ERISA s. 4202, the Fund notified the Employer that the Employer had partially withdrawn from the Fund due to the permanent cessation of its obligation to contribute to the Fund for the Bargaining Unit.

17. The Notice advised that the Employer owed withdrawal liability to the Fund in the amount of $232,536, plus interest.

18. Pursuant to 29 U.S.C. § 1399(b)(1), ERISA s 4219(b)(1), the Notice demanded payment of the Employer's withdrawal liability in seven quarterly installments, including six quarterly installments of $35,143 and one final quarterly payment in the amount of $27,196, plus interest on any unpaid installments.

19. An employer may ask the fund to review any matter related to the employer's withdrawal liability no later than 90 days after the employer receives the Notice. 29 U.S.C. § 1399(b)(2)(A), ERISA s. 4219(b)(2)(A).

20. On November 18, 2019, the Employer made a detailed request for review to the Fund, pursuant to 29 U.S.C. § 1399(b)(2)(A), ERISA s. 4219(b)(2)(A).

21. On December 6, 2019, the Fund responded to the Employer's request for review by email and certified mail return receipt requested (CMRRR), pursuant to 29 U.S.C. § 1399(b)(2)(B), ERISA s. 4219(b)(2)(B).

22. The Employer acknowledged receipt of the email copy of the Fund's response on December 6, 2019.

4

23. The CMRRR receipt shows that the Employer received the mailed copy of the Fund's response on December 12, 2019.

24. The Employer made additional requests for review on January 2, 2020 and February 7, 2020, to which the Fund responded on January 7, 2020 and February 27, 2020, respectively.

25. The Employer was obligated to initiate arbitration to resolve any dispute it may have concerning the Fund's withdrawal liability assessment. 29 U.S.C. § 1401(a)(1), ERISA s. 4221(a)(1).

26. The Employer's deadline for initiating arbitration expired 60 days after the Fund's response to the Employer's first request for review. 29 U.S.C. § 1401(a)(1), ERISA s. 4221(a)(1).

27. Because the Fund responded to the Employer's first request for review on December 6, 2019, the Employer's deadline for initiating arbitration expired 60 days later on February 4, 2020.

28. By reason of its failure to initiate arbitration, the Employer has failed to rebut the presumption of correctness of the Fund's determinations concerning the Employer's withdrawal, including but not limited to the fact and date of the Employer's withdrawal, the amount of the Employer's withdrawal liability, and the amount and timing of the Employer's installment payments. 29 U.S.C. § 1401(b)(1), ERISA s. 4221(b)(1).

29. Also by reason of its failure to exhaust its arbitral remedies, the Employer has waived its arbitrable defenses, if any.

30. The Employer is now obligated to make its withdrawal liability payments in full on the schedule set by the Fund. 29 U.S.C. § 1401(b)(1), ERISA s. 4221(b)(1).

**Employer belatedly files an untimely demand for arbitration with the AAA.**

31. On April 22, 2020, the Employer filed a Demand and Notice of Initiation of Arbitration ("Arbitration Demand") with the American Arbitration Association ("AAA").

32. The Employer emailed a copy of the Arbitration Demand to the Fund's counsel that day, but did not serve a copy of the Arbitration Demand by mail or hand delivery on either the Fund or its counsel.

33. Because the Employer purported to initiate arbitration more than two-and-a-half months after the arbitration deadline expired on February 4, 2020, the Employer's Arbitration Demand was untimely.

34. The Employer failed to attach the Employer's November 18, 2019 request for review or the Fund's December 6, 2019 response to its Arbitration Demand. 29 C.F.R. 4221.3(d).

35. On May 14, 2020, the Fund filed a letter with the AAA objecting to the arbitration demand as untimely and otherwise defective, and stating that it would participate in the arbitration only to the extent necessary to preserve its rights, pending a ruling on the timeliness of the Arbitration Demand.

36. On May 15, 2020, the deadline set by the AAA, the Fund filed its Answering Statement and Arbitrator Selection Form in the arbitration.

**Employer fails to make interim withdrawal liability payments**

37. Pursuant to 29 U.S.C. § 1399(c)(2), ERISA s. 4219(c)(2), the Fund's Notice dated November 15, 2019, demanded that the Employer make its first quarterly payment of $35,143 no later than January 14, 2020.

38. The Employer is obligated to make interim withdrawal liability payments whether or not it has requested review or challenged the withdrawal liability assessment in arbitration. 29 U.S.C. § 1401(d), ERISA s. 4221; 29 U.S.C. § 1399(c)(2), ERISA s. 4219(c)(2).

39. By January 14, 2020, the Employer had paid only $27,905, and had therefore failed to make its first installment payment in full on or before January 14, 2020.

40. By letter dated January 17, 2020, the Fund advised the Employer pursuant to U.S.C. § 1399(c)(5), ERISA s. 4219(c)(5), that unless the Employer made its first installment payment in full within 60 days, the Employer would be in default.

41. On February 7, 2020, the Employer sent the Fund a check for the balance of its first interim withdrawal liability payment.

42. The Employer failed to make its second interim withdrawal liability payment when due on April 14, 2020.

43. By letter dated April 17, 2020, the Fund advised the Employer pursuant to U.S.C. § 1399(c)(5), ERISA s. 4219(c)(5), that unless the Employer made its second installment payment within 60 days, the Employer would be in default (the "Default Notice").

44. The Default Notice further advised the Employer that pursuant to 29 U.S.C. § 1399(c)(5), ERISA s. 4219(c)(5), in the event of the Employer's default, the

Fund would be entitled to accelerate the withdrawal liability payment schedule and require immediate payment of the full amount of the Employer's assessed withdrawal liability, plus interest on the total liability from the due date of the first payment that was not timely made.

45. The Default Notice was sent to both the Employer and its counsel. The Default Notice sent to the Employer was sent by CMRRR. The Default Notice to the Employer's counsel was sent by CMRRR and email.

46. The Employer has failed to respond to the Default Notice or otherwise communicate with the Fund to discuss arrangements to make its second interim payment.

47. The Fund is entitled to the same remedies for the Employer's failure to pay withdrawal liability as for delinquent contributions. 29 U.S.C. § 1451(b); ERISA s 4301(b).

48. The Fund's remedies when collecting delinquent contributions include interest on the overdue payments, liquidated damages on the overdue payments, reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g), ERISA s. 502(g).

49. The Fund assesses interest on delinquent contributions at an annual rate of 10%.

50. The Fund assesses liquidated damages on delinquent contributions in an amount equal to the greater of (i) an additional 10% per annum, or (ii) 20% of the total unpaid obligation. 29 U.S.C. § 1132(g)(2), ERISA s. 502(g)(2).

51. Interest and liquidated damages are due on the second interim withdrawal liability payment, which was due April 14, 2020, and all additional interim withdrawal

liability payments the Employer fails to make between the date of this complaint and the date of judgment.

52. The Employer is therefore obligated to pay the Fund its overdue withdrawal liability, interest and liquidated damages on the overdue withdrawal liability, plus attorneys' fees and costs.

53. As of the date of this complaint, the Employer has failed to make its second interim withdrawal liability payment.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief that Arbitration Demand is Defective and Untimely)**

54. The Fund repeats each and every allegation above as if fully set forth herein.

55. There is an actual and present controversy between the Fund and the Employer concerning the timeliness of the Employer's Arbitration Demand.

56. Under ERISA, the Employer was required to demand arbitration within 60 days of the Fund's response to the Employer's first request for review.

57. Because the Fund responded to the Employer's first request for review on December 6, 2019, the Employer's arbitration deadline was February 4, 2020.

58. The Employer did not purport to demand arbitration until April 22, 2020.

59. The Employer did not serve its Arbitration Demand on the Fund.

60. The Arbitration Demand was defective.

61. The Arbitration Demand was untimely.

62. Because the Employer did not timely demand arbitration to challenge the Fund's withdrawal liability assessment, the Employer has waived its right to arbitrate any disputes concerning the Fund's withdrawal liability assessment.

63. The Employer's withdrawal liability is now due and owing in the amount and on the schedule set by the Fund.

**SECOND CLAIM FOR RELIEF**
**(Preliminary and Permanent Injunction and Stay of Arbitration)**

64. The Fund repeats each and every allegation above as if fully set forth herein.

65. Under ERISA, the Employer was required to demand arbitration within 60 days of the Fund's response to the Employer's first request for review.

66. Because the Fund responded to the Employer's first request for review on December 6, 2019, the Employer's arbitration deadline was February 4, 2020.

67. The Employer did not purport to demand arbitration until April 22, 2020, and never served its demand on the Fund.

68. The Arbitration Demand was defective.

69. The Arbitration Demand was untimely.

70. The Employer has therefore waived its right to arbitrate any disputes with the Fund concerning the Fund's withdrawal liability assessment.

71. The arbitration tribunal lacks jurisdiction to hear the Employer's claims or defenses.

72. Upon information and belief, unless the Employer is enjoined, the Employer will continue to assert defenses in arbitration.

73. The Fund will suffer irreparable harm and will have no adequate remedy at law if it is forced to arbitrate claims or defenses that the Employer has waived, before a tribunal that lacks jurisdiction to hear them.

74. The Fund is likely to prevail on the merits of its claim for a declaratory judgment that the Arbitration Demand was defective and untimely.

75. The Employer should therefore be preliminarily and permanently enjoined from proceeding with the arbitration.

76. Alternatively, the arbitration should be stayed.

### THIRD CLAIM FOR RELIEF
### (For Past Due Interim Withdrawal Liability Payments)

77. The Fund repeats each and every allegation above as if fully set forth herein.

78. Under the payment schedule in the Notice, the Employer was obligated to make an interim withdrawal liability payment of $35,143 on April 14, 2020.

79. The Employer is obligated to make interim withdrawal liability payments whether or not it has requested review or challenged the withdrawal liability assessment in arbitration.

80. The Employer did not make its April 14, 2020, withdrawal liability payment.

81. As of the date of this Complaint, the Employer has failed to make all interim withdrawal liability payments when due.

82. The Employer is obligated to make all overdue withdrawal liability payments in the amount and on the schedule set by the Fund.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Relief Holding That Employer Must Make
### Future Interim Withdrawal Liability Payments)

83. The Fund repeats each and every allegation above as if fully set forth herein.

84. There is an actual and present controversy between the Fund and the Employer concerning the Employer's obligation to make interim withdrawal liability payments.

85. The Employer is obligated to make interim withdrawal liability payments whether or not it has requested review or challenged the withdrawal liability assessment in arbitration.

86. The Employer did not make its April 14, 2020, withdrawal liability payment.

87. Upon information and belief, the Employer will fail to make future interim withdrawal liability payments absent a declaratory judgment from this Court determining that such payments are required.

WHEREFORE, the Fund demands the following relief:

A. A declaration that the Employer's Arbitration Demand was defective and/or untimely;

B. A declaration that the Employer has waived all defenses to the Fund's withdrawal liability assessment, which has now become due and owing in the amount and on the schedule set by the Fund;

C. A preliminary and permanent injunction enjoining the Employer from proceeding with the Arbitration and/or staying the Arbitration;

D. An award of damages to the Fund consisting of all overdue interim withdrawal liability payments as of the date of judgment, plus interest and liquidated damages on same;

E. A declaration that the Employer is required to make all future interim withdrawal liability payments in the amount and on the schedule set by the Fund, whether or not the Arbitration is stayed;

F. An award of attorneys' fees and reasonable costs incurred by the Fund in collecting withdrawal liability against the Employer;

G. Such other and further relief as the Court deems just and proper.

Dated: New York, NY
June 5, 2020

LAW OFFICES OF JENNIFER SMITH PLLC

By: _____
Jennifer S. Smith, Esq.
165 Broadway, 23rd Floor
New York, New York 10006
(347) 689-7557
*Attorney for Plaintiff*